# SURETY.

MORRIS and MOWATT, assignees of COMFORT SANDS, a bankrupt, *v.* ISAAC CLASON, impleaded with GEORGE STANLEY, 10 J. R. 524.

In the Court of Errors,

CLASON, appellant, *v.* MORRIS and MOWATT, respondents, 10 J. R. 524.

Opinion of Lansing, Ch., given 10 J. R. 530–535.

### *Surety.*

THE decision in this case turned so much upon different views of the evidence in the cause, taken by the Chancellor and by the Court of Errors, or a majority of them, that it would be rather giving a view of the matters of fact in controversy with respect to the satisfaction of the debt to Clason, &c., from the bankrupt's estate, than of any difficult or important principles of law or equity. The latter, as far as they arose in the case, are sufficiently stated in the reporter's marginal note to the decision of the Court of Errors.

"Where a bill in Chancery is filed against two defendants jointly interested in the subject matter of the suit, and the bill is taken *pro confesso* against one of them for want of appearance, and the other party appears and disproves the plaintiff's case, the bill will be dismissed as to both defendants."

" C. and D. endorsed the note of S. as security to L., who sued P. on the note, and recovered judgment against him, and afterwards sued C. and D. as endorsers, and recov-

ered judgment against them. C. and D. paid the amount of the debt, and took an assignment of the judgment against S.

The Court of Errors held that C. and D. stood in the place of L., and might avail themselves of the judgment to recover the money paid by them, of S.'s estate, (by virtue of the lien of the judgment.) A surety who pays a debt for his principal, is entitled to be put in the place of the creditor, and to all the means which the creditor possessed, to enforce payment against the principal debtor.

Decree *reversed*, 11 to 8.